JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REBECCA FREELY

### DEFENDANTS
AMBLER BOROUGH POLICE DEPARTMENT

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, Esq., 121 South Broad Street, Ste. 1200, Philadelphia, PA 19107; 2158338227

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | | SOCIAL SECURITY | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Act, Title VII

Brief description of cause:
Race discrimnatory termination of employment.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: December 10, 2025

SIGNATURE OF ATTORNEY OF RECORD: *(signed)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____ Ambler, PA _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts)
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. **X** Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief **\*see certification below\***
16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (*Please specify*):_____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)*–_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒x **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    X Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration. NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------

REBECCA FREELY
   Plaintiff,
vs.

AMBLER BOROUGH POLICE DEPARTMENT
   Defendant

: CIVIL ACTION No.
:
:
:
:
:
:
:

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff, Rebecca Freely, in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, Ambler Borough Police Department (hereinafter "Ambler Borough"), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), and the Pennsylvania Human Relations Act, ("PHRA"), which prohibit race discrimination and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate race discriminatory practices in employment by Defendant.

**II.**   **JURISDICTION AND VENUE**

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the

1

United States of America. This Court also has supplemental jurisdiction over Plaintiff's state law claims arising from the same occurrence.

5. Plaintiff has exhausted her administrative remedies before bringing his Title VII and PHRA claims to Court. On November 14, 2025, the EEOC issued Plaintiff her right to sue letter with regards to her Title VII claims against Ambler Borough. See attached. It has also been over one year since Plaintiff dual-filed her charge of discrimination with the EEOC and PHRC, providing Plaintiff with the right to assert her PHRA claims in this civil action.

6. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

### III.   PARTIES

7. Plaintiff, Rebecca Freely, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides at 48 North Main Street, Ambler, Pennsylvania.

8. Defendant, Ambler Borough is a municipality created under the laws of the Commonwealth of Pennsylvania with its offices located at 131 Rosemary Avenue, Ambler, PA 19002.

### IV.   BRIEF STATEMENT OF FACTS

9. Plaintiff is an African American black woman hired by Defendant on or about August 28, 2023, as a Crossing Guard, and reported to Police Officer Nicholas Nasbowkow.

10. The Mayor of Ambler Borough during all relevant times to this action was Jeanne Sorg (white female).

11. On or about May 20, 2024, Defendant terminated Plaintiff's employment.

12. On May 20, 2024, Defendant's Chief of Police, Jeffrey Borkowski, (white male) informed Plaintiff's daughter, Terri Williams, who also worked for Ambler Borough, that the mayor

instructed that Plaintiff's employment with Defendant be terminated because Plaintiff was related to Terri Williams.

13. Terri Williams was an employee of Defendant, but Plaintiff did not work under her daughter's change of command.

14. Thereafter, Plaintiff's daughter called Mayor Sorg, and left her a voice message, asking Mayor Sorg why Plaintiff couldn't work as a Crossing Guard for the township.

15. Plaintiff's daughter then spoke to Lisa Auerbach (white female), Defendant's Chairs of Salary and Personnel asking why Plaintiff couldn't continue working for the township.

16. In a conversation with Mayor Jeanne Sorg, Plaintiff's daughter told the Mayor, "I don't understand why my mother cannot work here because Elizabeth Kunzier, ("Liz") and her daughter, Elizabeth Kunzier, ("Libby"), work in the Borough Office. Liz is the Assistant Borough Manager and Libby is her daughter."

17. Mayor Sorg responded, "Does her daughter work there?" Plaintiff's daughter responded, "yes she does".

18. Liz and Libby are Caucasian.

19. The next day, Libby was not at the front desk; she was moved upstairs to work in the code office. Yet, Liz is the Assistant Borough Manager, and Libby would still have to report to Liz.

20. Steven Smallberger, (Caucasian), Supervisor of the Water Department, is the first cousin of Mary Aversa, (Caucasian), Defendant's Borough Manager.

21. Deloris Pasceri (Caucasian) works for Defendant as a Crossing Guard, and her son is Sgt. Salvatore Pasceri, in Defendant's Police Department, but Deloris Pasceri was not terminated.

22. Antonio Isabella - Supervisor at the Water Plant was Mary Aversa's Fiancé.

3

23. Plaintiff asserts that she was subjected to race discriminatory termination, in violation of Title VII and the PHRA.

24. Plaintiff was treated disparately by Defendant with regards to employment benefits, terms, privileges and conditions of employment, as compared to her white comparators listed above.

## V. STATEMENT OF CLAIM

**COUNT ONE – Title VII VIOLATIONS –Race Discrimination**

25. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 24 as if the same were fully set forth at length herein.

26. The acts and conducts of Defendant through its respective agents, officers, managers, employees, and officials as stated above where Plaintiff was subjected to differential treatment as compared to her White co-workers when Plaintiff was terminated on May 20, 2024, was a violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq.

27. As a direct result of the said discriminatory practices of the Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

### COUNT TWO –PHRA VIOLATION – RACE DISCRIMINATION

28. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 27 above as if same were fully set forth at length herein.

29. The acts and conducts of Defendant through its agents, officers, employees, managers and officials as stated above where Plaintiff was subjected to discriminatory treatment, as compared to her White co-workers when Plaintiff was terminated on May 20, 2024,was a

violation of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

30. As a result of the said discriminatory practices of the Defendant in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, front pay, mental anguish, emotional distress, humiliation, and damages to reputation.

### VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

A. Enter judgment against Defendant and award Plaintiff back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages to make Plaintiff whole for all past and future emotional upset, mental anguish, humiliation, loss of life pleasures, loss of self-esteem and all pain and suffering, attorneys' fees and expert witness fees as permitted by law.

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

ABIONA LAW PLLC

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 833-8227
Attorney for Plaintiff

Dated: December 10, 2025

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/14/2025

**To:** Ms. Rebecca Freely
48 North Main Street Apt.206
Ambler, PA 19002
Charge No: 530-2024-08393

EEOC Representative and #:   Legal Unit

(267) 589-9707

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2024-08393.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
11/14/2025
Karen McDonough
Deputy Director